UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| PHILLIP MATTE AND BRANDI MATTE | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| STATE FARM FIRE AND | * | |
| CASUALTY COMPANY | * | |
| | * | MAGISTRATE: |
| | * | |

**************************************************************************

## COMPLAINT FOR DAMAGES

NOW COME Petitioners herein, Phillip Matte and Brandi Matte, through undersigned

counsel, who respectfully represent that:

1.

Made Petitioners herein are:

**PHILLIP MATTE AND BRANDI MATTE**, persons of the full age of majority and
domiciled in the Parish of Acadia, State of Louisiana.

2.

Made Defendant herein is:

**STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as
"STATE FARM"),** a foreign insurance company authorized to do and doing business in the
State of Louisiana, and within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

3.

This Court has personal jurisdiction over State Farm because it conducts business in the State

of Louisiana, and this claim arises out of Defendant's conduct, business operations, and failure to

fulfill a written contract executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Western District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in Acadia Parish.

6.

State Farm is justly and truly indebted to the Petitioners herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Petitioners own residential property located at 434 Saint Jude Street, Church Point, Louisiana 70525 (hereinafter "the Residence").

8.

On August 27, 2020, and October 9, 2020, Petitioners had in place a contract with State Farm to provide a homeowner's insurance policy, policy number 18-B7-H255-5 (hereinafter "the Policy"), for the Residence.

9.

On August 27, 2020, Hurricane Laura made landfall on southeast Louisiana with 150 mph

winds.  The event caused widespread devastation and damage, including damage to the Residence.

10.

On October 9, 2020, Hurricane Delta made landfall on southeast Louisiana with 143 mph winds.  The event, again, caused widespread devastation and damage, including damage to the Residence.

11.

The extensive damage to the Residence caused by the windstorm of Hurricane Laura and then again by Hurricane Delta rendered the Residence uninhabitable.

12.

In compliance with the Policy, Petitioners promptly reported the resulting extensive damage to State Farm, who therefore knew almost immediately that the Residence had sustained severe physical and structural damage.

13.

Despite more than a sufficient proof of loss, State Farm failed to timely and adequately tender payment under the Policy.  State Farm's failure to timely provide adequate payment for a clearly covered loss is a violation of the Policy.  Coverage under the policy remains available and is due to the Petitioners herein.  State Farm is in clear violation of La. R.S. 22:1892 and 22:1973.

14.

At all times pertinent hereto, State Farm provided insurance coverage for the matters, risks, and things involved herein.

15.

Additionally, based upon information and belief, the Policy contained a hurricane and/or

windstorm endorsement that created coverage for all the damage sustained at the Residence to which

Petitioners are entitled, including but not limited to dwelling coverage, contents, loss of use,

recoverable depreciation, as well as all repair/replacement costs.

16.

Petitioners are entitled to a judgment declaring that the language of the Policy provided

coverage for all damage resulting from the subject hurricanes.

17.

The actions of State Farm in failing to timely, fully, and fairly adjust Petitioners' claims are

arbitrary, capricious, and without probable cause, making State Farm liable for damages, penalties

and attorney fees provided under La. R.S. 22:1892 and 22:1973.

18.

Defendant, State Farm, is liable unto the Petitioners under the following legal theories:

1.      Breach of contract;

2.      Bad faith claims adjusting;

3.      Negligent claims adjusting;

4.      Intentional infliction of emotional distress;

5.      Negligent infliction of emotional distress;

6.      Any and all other legal theories which may be found through discovery and proven at trial in
        this matter.

19.

As a result of Hurricanes Laura and Delta and as a result of State Farm's arbitrary and

capricious claims adjusting, Petitioners have sustained, or will sustain, the following non-exclusive

damages:

1.  Property damages;

2.  Loss of contents;

3.  Loss of use and enjoyment of property;

4.  Additional living expenses;

5.  Repair and remediation expenses;

6.  Loss of investment value of funds used to offset State Farm's failure to pay,

    including lost interest;

7.  Diminution of value of property;

8.  Extreme mental anguish, including inconvenience and aggravation;

9.  The penalties proscribed by La. R.S. 22:1892 and 22:1973;

10. Attorney's fees and costs of this litigation; and

11. Any and all other damages which will be shown through discovery and

    proven at trial.

20.

Petitioners pray for and are entitled to trial by jury, bond to be set at a later date.

WHEREFORE, Petitioners, Phillip Matte and Brandi Matte, pray that the Defendant, State

Farm Fire and Casualty Company,  be served with a copy of this Complaint and be duly cited to

appear and answer the same, and that after expiration of all legal delays and due proceedings, there

5

be judgment rendered in favor of Petitioners and against Defendant, in an amount that will fully

compensate Petitioners for the damages pursuant to the evidence and in accordance with the law; all

sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of

these proceedings, and for all general and equitable relief.

Respectfully submitted,

**HUBER THOMAS & MARCELLE, LLP**

*s/Stephen M. Huber*

**STEPHEN M. HUBER, BAR NO. 24463**
**LOGAN E. SCHONEKAS, BAR NO. 35309**
**CHRISTOPHER T. WHELEN, BAR NO. 36079**
**JACQUES C. MESTAYER BAR NO. 37230**
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone:     (504) 274-2500
Facsimile:     (504) 910-0838
ATTORNEYS FOR PLAINTIFF
Stephen@huberthomaslaw.com
Logan@huberthomaslaw.com
Christopher@huberthomaslaw.com
jacques@huberthomaslaw.com

**HOUGHTALING LAW FIRM, LLC**

*s/Brian J. Houghtaling*
**BRIAN J. HOUGHTALING, BAR NO. 30258**
3500 North Hullen Street
Metairie, LA 70002
Telephone:     (504) 456-8629
Facsimile:     (877) 448-5339
ATTORNEY FOR PLAINTIFF
Brian@houghtalinglaw.com

6

**STATE FARM FIRE AND CASUALTY COMPANY**
*Through its agent for service:*
Hon. R. Kyle Ardoin
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809